UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPHELIA AUGUSTINE,<br><br>                              Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES), INC.,<br><br>                              Defendant. | Case No.: 22-cv-2027-L-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[ECF No. 12]** |

Pending before the Court in this putative class action is Defendant Lenovo (United States), Inc.'s ("Defendant") motion to dismiss Plaintiff Ophelia Augustine's ("Plaintiff") first amended complaint. (ECF No. 12.) Plaintiff opposed, (ECF No. 15), and Defendant replied, (ECF No. 18). For the reasons stated below, Defendant's motion is denied as to the first cause of action and granted without leave to amend as to the second cause of action.

I. **INTRODUCTION**

According to the allegations in the amended complaint, Defendant owns and operates the website www.lenovo.com. (ECF No. 9, Am. Compl., at 9.) Defendant embedded code provided by a third party, Quantum Metric ("Quantum") within its website that deploys onto a consumer's device every time they visit Defendant's website. (*Id.* at 3.) Defendant and Quantum used this "session replay" code to see and record Plaintiff's screen while she was on Defendant's website, including "what words and were typed, search terms entered and what content was being clicked, requested, and inputted by

Plaintiff." (*Id.* at 9.) Plaintiff now brings two claims for violation of the California Invasion of Privacy Act ("CIPA") arising out of this conduct. (*See generally id.*) Defendant moves to dismiss both claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.   LEGAL STANDARD

A 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment. Fed. R. Civ. P. 12(d). "A court may, however, consider certain

materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. DISCUSSION

#### A. First Cause of Action—Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631

Section 631(a) of the California Penal Code provides for civil and criminal liability where:

> Any person [(1)] who, by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system, or [(2)] who willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or [(3)] who uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or [(4)] who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section . . . .

Plaintiff alleges that Defendant violated the fourth prong of section 631 by aiding Quantum in violating the other prongs. (ECF No. 9, 22–23.)

Defendant moves to dismiss Plaintiff's first cause of action on the grounds that Plaintiff consented to Defendant's actions. (ECF No. 12-1, at 10–16.) Specifically, Defendant claims that its website includes a pop-up window that informs all visitors of the conduct alleged in Plaintiff's amended complaint. (*Id.* at 11.) Defendant adds that the pop-up disclaimer explicitly directs users to Defendant's privacy policy for further details regarding the information Defendant collects and that its website provides a link to

Quantum's website where users can learn additional information. (*Id.* at 13–14.) Between the pop-up, the easily accessible privacy policy, and the link to Quantum's website, Defendant asserts that Plaintiff either expressly or impliedly consented to Defendant's actions and therefore Plaintiff cannot sustain a claim. (*Id.* at 16.)

Plaintiff asserts in her amended complaint that she never consented to Defendant's actions, (ECF No. 9, at 13), and that Defendant failed to present a pop-up disclosure or consent form alerting her that her website visits were being monitored and recorded, (*Id.* at 11). Plaintiff also claims that Defendant's privacy policy does not state that visits to its site may be monitored or recorded nor does it mention Quantum or session replay software. (*Id.* at 12.)

Defendant's consent defense turns on the outcome of multiple factual disputes such as whether Plaintiff actually saw and interacted with the pop-up and whether Plaintiff viewed the privacy policy.[1] These factual disputes are not suitable for resolution at this stage in the proceedings. *See In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.") Moreover, Plaintiff sufficiently pleads that she did not consent to the recording. *See Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *2 (9th Cir. May 31, 2022) (holding that the plaintiff met his pleading burden by alleging that he did not provide express consent."). As a result, the Court declines to dismiss Plaintiff's first cause of action based on consent.

Defendant also argues that it was using Quantum as a tape recorder and therefore Defendant was not an eavesdropper to the communications between Quantum and Plaintiff as required for Plaintiff to maintain her first CIPA claim. (ECF No. 12-1, at 16–21.)

---

[1] The Court declines to incorporate by reference Defendant's exhibits as they only "serve to dispute facts stated in a well-pleaded complaint," *Khoja*, 899 F.3d at 1003, and the Court finds that they are not suitable for judicial notice as there are no facts established by the documents that are "not subject to reasonable dispute," Fed. R. Evid. 201. *See also Khoja*, 899 F.3d at 998 ("[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery.").

Plaintiff alleges in the amended complaint that Quantum played an active role in the recording including using the data for its own business purposes. (ECF No. 9, at 10–11.)

A party to the communication is exempt from liability under section 631. *Warden v. Kahn*, 160 Cal. Rptr. 471, 475 (Ct. App. 1979) ("[A]ppellant's [section 631] claim is without merit. That section . . . has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation."); *Rogers v. Ulrich*, 125 Cal. Rptr. 306, 309 (Ct. App. 1975) ("It is never a secret to one party to a conversation that the other party is listening to the conversation; only a third party can listen secretly to a private conversation."). Thus, the dispositive question here is whether Quantum was an independent third party who illegally eavesdropped on Plaintiff's communications with Defendant, or whether Quantum is merely a tool Defendant used to record its own communications with Plaintiff.

The answer to this question appears to depend on what Quantum did with the data it recorded. *See, e.g.*, *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021) (dismissing a section 631 claim because "[u]nlike NaviStone's and Facebook's aggregation of data for resale, there are no allegations here that FullStory intercepted and used the data itself"); *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *3 (N.D. Cal. Dec. 22, 2022) ("[A] key distinction is whether or not the alleged third-party software provider aggregates or otherwise processes the recorded information, which might suggest that the software vendor independently 'uses' the gathered data in some way."); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1081 (C.D. Cal. 2021) ("[I]s Quantum Metric a tape recorder held by Lululemon, or is it an eavesdropper standing outside the door? This is a question of fact for a jury, best answered after discovery into the storage mechanics of Session Replay."). Once again the Court is faced with factual disputes not ripe for determination at this juncture. The allegation that Quantum's actions go beyond the ordinary function of a tape recorder is sufficient for Plaintiff's claim to survive Defendant's pleading challenge. Thus, Defendant's motion to dismiss Plaintiff's first cause of action is denied.

**B.   Second Cause of Action—Violation of the California Invasion of Privacy Act, Cal. Penal Code § 632.7**

Defendant moves to dismiss Plaintiff's second cause of action arguing that section 632.7 of the California Penal Code only applies to phone-to-phone communications, which Defendant asserts is not the case here. (ECF No. 15, at 18–19.) Indeed, Plaintiff alleges that she accessed Defendant's website on her cell phone but the amended complaint is silent as to the device or devices used by Quantum or Defendant. (ECF No. 9, at 9, 24.)

Section 632.7 imposes liability on anyone who aids in the interception and intentional recording of "a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." In interpreting a California statute, the Court "first looks to the language of the statute, giving effect to the words' plain meaning; 'if the language is unambiguous, the plain meaning controls.'" *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 650 (9th Cir. 2016) (quoting *Voices of the Wetlands v. State Water Res. Control Bd.*, 257 P.3d 81, 93 (2011)).

The Court finds that the plain language of section 632.7 limits the applicability of the statute to communications between certain types of telephones, not the internet. *See Garcia v. Build.com, Inc.*, No. 22-CV-01985-DMS-KSC, 2023 WL 4535531, at *6 (S.D. Cal. July 13, 2023) (dismissing a section 632.7 claim where "Plaintiff makes no persuasive argument that the statute contemplates internet communications between a smart phone and an unspecified device on Defendant's end" (quotation omitted)). Indeed, "[t]ransmission by internet through a device called 'phone' is not sufficient." *Id.* Accordingly, Defendant's motion to dismiss Plaintiff's second cause of action is granted without leave to amend as the Court finds that no amendment could cure the defect that the statute does not apply to internet communications. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) ("Leave to amend should be granted unless

the district court determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

## IV. CONCLUSION

For the forgoing reasons, Defendant's motion to dismiss Plaintiff's first cause of action for violation of section 631 of the California Penal Code is **DENIED**. Defendant's motion to dismiss Plaintiff's second cause of action for violation of section 632.7 of the California Penal Code is **GRANTED without leave to amend**.

**IT IS SO ORDERED.**

Dated: August 2, 2023

_____
Hon. M. James Lorenz
United States District Judge